## TIFFANY et al. v. CLARK et al., appellants.

*Trustee — purchase by, of trust property.*

W. was one of the executors and a legatee under the will of F., his father. By the terms of the will the executors were directed to sell the real and personal estate, and, after paying the legacies, to invest the residue, and to pay the income to W., and after his death to divide the residue among his children, or, in default of children, among his (testator's) nephews and nieces. The executors made a conveyance of a part of the realty to one C., an uncle of W., who afterward conveyed it, without consideration, to W.'s wife. The latter, dying, bequeathed her property to W., who died shortly after, intestate. In an action by the residuary legatees, under F.'s will, to set aside the conveyance to C., and from C. to W.'s wife, on the ground that it was procured through the fraud and connivance of W. and his co-executors, and was, in reality, a conveyance to W., and for an inadequate consideration, it appeared that C. paid the consideration for the property, when conveyed to him, partly in a receipt of W.'s, on account of the legacy to him, and in a check of W.'s for the balance, which said receipt and check C. turned over to the executors in satisfaction of the purchase-money. W. had possession of the property, received the rents and profits, and paid the taxes. *Held*, that these facts were sufficient to justify a decree, canceling the said deed to C., and the deed to the wife of W., and that the purchase price on the conveyance to C. having been, in fact, paid by W., that amount should be returned to his estate.

ACTION by the residuary legatees, under the will of George Fox, to set aside two conveyances. The main facts are contained in the foregoing head note.

The action was tried before the court without a jury, and a decision rendered in favor of the plaintiff canceling and setting aside the conveyances. The opinion, at general term, is devoted to a review of the evidence.

*Ruggles & Felt*, and *John E. Parsons*, for plaintiffs and respondents.

*James W. Taylor, John B. Pannes, F. N. Bangs, Thomas L. Ogden*, and *S. E. Lyon*, for defendants and appellant.

BARNARD, J.

*Judgment affirmed.*